**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NORMA L. SAGET, CASE NO.

Plaintiff,

vs.

NCL AMERICA LLC,
d/b/a NCL AMERICA,

Defendant

_________________________________/

## COMPLAINT

**COMES NOW**, Plaintiff, NORMA L. SAGET, (hereinafter “SAGET”) by and through his undersigned counsel, and sues the Defendant, NCL AMERICA LLC, d/b/a NCL AMERICA, (hereinafter “NCL”), and says:

1. This is a maritime action for personal injury damages.
2. That Defendant, “NCL”, is a Foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as “NORWEGIAN CRUISE LINE”, providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the “PRIDE OF AMERICA”.
3. “SAGET” is a citizen of the State of Florida.
4. That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of “any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.”

5. That venue is proper in the Southern District of Florida, Miami Division in that Defendant "NCL's" principal place of business is in Miami, Miami/Dade County, Florida.

6. Jurisdiction and venue are proper in the U.S. District Court for the Southern District of Florida, Miami/Dade County, under the terms of the cruise ticket tendered by Defendant, "NCL" to Plaintiff, "SAGET". The Defendant has a copy of the contract for passage. The time limitation to file suit was extended by the parties to March 15, 2016.

7. That on February 16, 2015, Plaintiff, "SAGET", was a fare-paying passenger on the "NCL" vessel "PRIDE OF AMERICA", that was at all times material hereto, a vessel owned and operated by Defendant, "NCL".

8. That on February 16, 2015, Plaintiff, "SAGET", was an invitee upon the vessel owned and operated by Defendant, "NCL", having come onto the vessel to make use of the facilities as a fare-paying passenger.

9. That on February 16, 2015, Plaintiff, "SAGET", was injured by automatic closing doors on Deck 5 near the aft elevators.

10. "SAGET" and her party were leaving breakfast in the Skylight Lounge. They were proceeding to the Deck 5 elevators when they asked the crew if there was another way to get to Deck 3. A crew member directed them to an open set of doors. As "SAGET" crossed the threshold, the doors, suddenly and without warning, closed on "SAGET" causing her to be thrown across the hall causing her injuries.

11. That area of the deck and surrounding area of the vessel and all of its attendant attractions, is owned and operated by Defendant "NCL", and it is also within the exclusive control of "NCL". At the time of the incident, the crew was beginning the performance of a

"crew only" safety drill. It is believed that the doors in question would suddenly close during said drill.

12. That "NCL" owed a duty to "SAGET" to maintain its ship in a safe condition and to exercise reasonable care under the circumstances.

13. That at the aforementioned time and place, the Defendant, through its agents and/or employees, was negligent and breached its duty to the Plaintiff in the following acts of commission and/or omission:

a. Failure to properly maintain the cruising vessel PRIDE OF AMERICA in a reasonably safe condition for use by Plaintiff and others similarly situated.

b. Failure to correct a dangerous condition of which it either knew or should have known through the use of reasonable care.

c. Failure to warn the Plaintiff of the existence of a dangerous condition on Defendant's cruising vessel, of which the Defendant either knew or should have known through the use of reasonable care.

d. Failure to correct the dangerous condition.

e. Failure to exercise reasonable care under the circumstances.

f. Failure to warn that the doors would/could close suddenly and without warning.

g. Directing the Plaintiff to a dangerous condition known to exist or should have known to exist by the crew.

h. Knowing that the doors in question would be subject to closure during a crew safety drill and not warning the Plaintiff of same and directing the Plaintiff through said doors.

14. That as a direct and proximate result of the aforementioned negligence on the part of Defendant "NCL" Plaintiff, "SAGET", was injured in and about her body and extremities; was

caused great physical pain and mental suffering; and will within reasonable medical probability; has suffered physical and mental losses and impairments which are, within a reasonable degree of medical probability, permanent and/or continuing in nature, and will suffer said losses and impairments in the future; has been caused to expend money for the treatment of his injuries and will, in the future, be caused to expend further monies for treatment of his injuries.

WHEREFORE Plaintiff, NORMA L. SAGET demands judgment for damages against Defendant, NCL AMERICA LLC d/b/a NCL AMERICA.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 29th, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF and a true and correct copy of the foregoing document will be served on the Defendant via service of process in due course.

Tomberg, Hanson, & Halper, LLC
2500 Quantum Lakes Dr. Ste. 203
Boynton Beach, FL, 33426
(561) 737-1345 Telephone
(561) 737-8971 Facsimile
Attorney for the Plaintiff
Email: pleadings@gtomberghalper.com
Secondary: mhanson@thhllc.com
By:/s/ Mark R Hanson
Mark R Hanson Esq.
Florida Bar No. 621651